[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This case arises out of an incident alleged to have occurred on July 25, 1995 in Wallingford and which has become known as L'affaire de la Toupee Volante. The original complaint alleged that following an unpleasant telephone conversation dealing with the use of the plaintiff's parking lot by the defendant's tenants and patients[1], the defendant entered the plaintiff's place of business, a barber shop, ripped his hairpiece off his head, and threw it across the room (hence, La Toupee Volante). The present version of the complaint, however, alleges that rather than flinging the hair piece across the room, the defendant attempted to leave the premises with it. Whatever the, wig's final resting place, the plaintiff alleges that these actions occurred in full view of an employee and several customers and that, as a person who had never before been seen in public without his hair piece, he suffered extreme emotional distress and embarrassment.
Count four of the present complaint re-alleges these facts and claims a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. In particular, because he claims that the defendant's actions were undertaken in the context of a dispute over the use of the plaintiff's parking lot by the defendant's patients and/or tenants, the defendant was engaged in the conduct of a trade or commerce when he dewigged the plaintiff.
Earlier versions of the CUTPA count have twice be stricken, once by the undersigned and once by Judge Hodgson. The defendant has now moved for summary judgment on this, the third version of the CUTPA count. It is apparent from the complaint that there is CT Page 4500 no business relationship between the plaintiff and the defendant. The defendant has submitted an affidavit, uncontradicted, which states that neither party has purchased goods or services from the other and that they have not entered into any kind of business relationship with each other. Defendant contends that although the parking lot dispute is related to the individual businesses of the two combatants, there is no business relationship which is at the heart of the present allegations, which, in fact, are basically allegations of assault and battery. The mere fact that both parties are engaged in their own businesses does not turn any interaction between them into a business relationship, nor does it implicate the Connecticut unfair Trade Practices Act. Indeed, the plaintiff has made no allegation in his complaint that the parking lot dispute, which serves only as the prologue to this play, has caused him any ascertainable loss. Rather it is only the seizing of the hairpiece in a public place and his consequent embarrassment of which he complains and for which he seeks to recover damages.
Among the many scenarios that litigants have attempted to fit within the framework of CUTPA, this is surely one of the most bizarre. The court does not belittle the significance of this act to the plaintiff, but although the plaintiff has several theories of liability upon which he may recover in this matter, CUTPA is not one of them.
The motion for summary judgment is therefore granted as to the fourth count.
Jonathan E. Silbert, Judge